IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY )<br><br>Plaintiffs,<br><br>v.<br><br>THE OVERLOOK, LLC, STEVEN A. MIDDLETON, VISTA MIDDLETON, LLC and RICKY L. EDMONDS,<br><br>Defendants. | Case No. 4:10cv69 |

**NATIONWIDE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR THE COURT TO CONSIDER ITS POSITION IN OPPOSITION TO RICKY L. EDMONDS' LETTER SUBMISSION DATED NOVEMBER 8, 2010**

Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Property & Casualty Insurance Company ("Nationwide") submit this memorandum of law in support of its motion for the Court to consider its position in opposition to Defendant Ricky L. Edmonds counsel's (the "PSC")[1] letter submission to the Court dated November 8, 2010.

This request for a coordinated oral argument between a state case (*Talbot v. Oxfordshire, LLC, et al.*, Case No. 10-3893 ("State case"))–where defendant Edmonds is not a party and where no summary judgment motion has been filed–and two federal matters (*Builders Mutual Ins. Co. v. Parallel Design & Develop., LLC et al.*, Case No. 4:10-cv-00068 and this case ("Federal cases"))–where summary judgment briefing is almost complete–should be denied.

---

[1] PSC is the abbreviation used for the Plaintiffs' Steering Committee in the MDL.

Nationwide does not oppose a coordinated hearing with the *Builders Mutual* matter, because the proceedings share certain common facts involving an Underlying Edmonds Complaint and because the two lawsuits are at similar stages of development. However, Edmonds has failed to file an opposition to Nationwide's motion for summary judgment and, therefore, he and his counsel have waived the right to participate in oral arguments related to Nationwide.

For the reasons set forth below, the Court should deny this unusual request.

**First**, as a threshold matter, the PSC's letter is an improper submission to the Court and should be denied as such. *See* Local Civil Rule 7. The letter is insufficient as a motion because, as required by Local Rule 7(F)(1), a written brief containing a statement of facts was not attached. *Id*. Further, the letter was not properly filed with the Court. It neither contains a certificate of service nor was docketed by the clerk. Federal Rule of Civil Procedure 5(d).

**Second**, Edmonds' counsel does not have standing to make such a request in this case. Edmonds waived his opportunity to file an opposition to Nationwide's Motion for Summary Judgment Based on The Pollution Exclusion (filed Oct. 25, 2010) (Document No. 61). Edmonds' opposition was due on November 8, 2010. Edmonds neither sought an extension of that deadline nor filed an opposition brief. Thus, Edmonds and the PSC have no standing to take part in the oral arguments relating to Nationwide's motion for summary judgment.

Nor is Edmonds a party to the State case. [*See* Docket Report from State case dated Nov. 22, 2010 ("*Talbot* Docket") attached hereto as **Tab A**]

**Third**, The PSC's highly unusual request to coordinate the hearings between two different judges in federal and state court is unworkable. In its letter, the PSC fails to explain how the prior joint hearings in the Chinese Drywall Multi-District Products Liability Litigation ("MDL") pending in the United States District Court for the Eastern District of Louisiana at all

relate to the Federal insurance declaratory judgment cases. Unlike the underlying products liability proceedings, where the MDL and certain state courts have apparently occasionally coordinated, there is no "MDL" for the insurance coverage disputes. To the contrary, the Joint Panel on Multi-District Litigation has repeatedly found insufficient commonality with respect to the insurance proceedings.

**Fourth**, contrary to the PSC's assertion that the Federal cases and State case "will govern the availability of insurance coverage literally in the same homes," the Federal cases and State case, in fact, are substantively different in almost every respect.

The Federal cases and State case have no common parties and do not concern the same homes. The Federal cases are declaratory judgment actions brought by insurers against their insureds and Edmonds relating to claims for insurance coverage from certain insurance policies with respect to alleged loss or damage arising out of the presence of Chinese Drywall in thirteen units in a condominium development in Richmond, Virginia. [*See* Complaint (Document No. 1), ¶¶ 4 to 29] Unlike these Federal cases, the State case is an underlying tort action brought by a single homeowner (not Edmonds) against its builder, the developer, and the manufacturer, supplier and installer of Chinese Drywall for numerous claims including breach of contract, breach of warranty, negligence and private nuisance relating to Chinese Drywall in a house in Suffolk, Virginia. [*See Talbot* complaint attached hereto as **Tab B**]

Although the PSC claims in its letter that the State case involves insurance policies, the insurance companies have moved to be dismissed as misjoined parties because, under Virginia law, liability insurers are not proper parties to underlying tort actions. [Motions to Demurrer/Drop dated July 7, 2010, July 9, 2010, August 16, 2010 attached hereto as **Tabs C and E**]. The plaintiff has not opposed these pending motions to drop and a hearing has been set for

December 17, 2010. [*See Talbot* Docket (**Tab A**)] Thus, a coordinated oral argument for Federal and State cases that are vastly different will not promote judicial economy.

**Fifth**, no summary judgment motion has been filed in the State case. [*See* Edmonds' Letter dated Nov. 8, 2010 ("The homeowners in Talbot *anticipate* filing a motion for partial summary judgment concerning the pollution exclusion next week") (emphasis added); *Talbot* Docket (**Tab A**)]

In stark contrast, briefing on the motions for summary judgment in the Federal cases will be complete in less than two weeks. Although the PSC asserted that a summary judgment motion would be forthcoming in the State case two weeks ago, nothing has been filed. [*See Talbot* Docket (**Tab A**)] Thus, since the PSC seeks coordination of a hearing on the summary judgment motions in the Federal cases with a summary judgment motion in the State case that **does not even exist,** the request should be denied.

**Sixth**, the PSC's request is another attempt to delay the summary judgment rulings in the Federal cases.

Since the Federal cases and the State case are at distinct points in the litigation process, coordination of summary judgment hearings would add months to when this Court will likely be prepared to rule on the summary judgment motions. In the Federal cases, this Court could be prepared to rule on the summary judgment motions in a matter of weeks. However, if the PSC's request is granted, then this Court would need to delay its findings until after the court in the State case first rules on the insurance companies' motions to dismiss which would be at a minimum after January 1, 2011. This Court would then have to continue to wait for the parties in the State case to file their summary judgment briefs which would more than likely bring the

calendar through March 2011. Such delay is unnecessary and prejudicial to the parties in the Federal cases.

Accordingly, Nationwide requests that this Court deny Edmonds' and the PSC's request to coordinate the summary judgment hearings in the Federal cases and State case.

DATED: November 22, 2010

Respectfully submitted,

NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY

By /s/
Grant E. Kronenberg
Virginia State Bar No. 65647
*Attorneys for Plaintiffs*
MORRIS & MORRIS P.C.
700 East Main Street, Suite 1100
P.O. Box 30
Richmond, VA 23218-0030
Tel. (804) 344-8300
Fax. (804) 344-8359
gkronenberg@morrismorris.com

Catherine M. Colinvaux *(pro hac vice)*
Seth V. Jackson *(pro hac vice)*
*Attorneys for Plaintiffs*
ZELLE HOFMANN VOELBEL & MASON LLP
950 Winter Street
Suite 1300
Waltham, MA 02451
Tel: (781) 466-0700
Fax: (781) 466-0701
ccolinvaux@zelle.com
sjackson@zelle.com


Scott J. Ryskoski *(pro hac vice)*
*Attorney for Plaintiffs*
RYSKOSKI LAW P.L.L.C.
556 Silicon Drive
Suite 100
Southlake, TX 76092

Tel: (817) 310-3527
Fax: (817) 310-0141
sjr@ryskoskilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2010, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which then sent notification of such filing (NEF) to the following:

John Janney Rasmussen, Esq.
*Attorneys for Defendants, The Overlook, LLC,*
*Steven A. Middleton, Vista Middleton, LLC*
INSURANCE RECOVERY LAW GROUP PLC
3015 East Broad Street
P.O. Box 8049
Richmond, VA 23223
Tel.: (804) 308-1359
Fax: (804) 308-1349
jjr@insurance-recovery.com

Richard James Serpe, Esq.
*Attorneys for Defendant, Ricky L. Edmonds*
LAW OFFICES OF RICHARD L. SERPE, P.C.
580 E Main Street
Suite 310
Norfolk, VA 23510
Tel.: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Michael F. Imprevento, Esq.
John W. Drescher, Esq.
Jeffrey A. Breit, Esq.
*Attorneys for Defendant, Ricky L. Edmonds*
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Tel.: (757) 622-6000
Fax: (757) 670-3939
mimprevento@breitdrescher.com
jdrescher@breitdrescher.com
jbreit@bdbmail.com

/s/
Grant E. Kronenberg
Virginia State Bar No. 65647
*Attorney for Plaintiffs*
MORRIS & MORRIS P.C.
700 East Main Street, Suite 1100
P.O. Box 30
Richmond, VA 23218-0030
Tel: (804) 344-8300
Fax: (804) 344-8359
gkronenberg@morrismorris.com