IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, ) <br> NATIONWIDE MUTUAL FIRE INSURANCE ) <br> COMPANY and NATIONWIDE PROPERTY & ) <br> CASUALTY INSURANCE COMPANY ) <br>   ) <br>          Plaintiffs,     ) <br>   ) <br>   v.   ) <br>   ) <br> THE OVERLOOK, LLC, STEVEN A. MIDDLETON, ) <br> VISTA MIDDLETON, LLC ) <br> and  ) <br> RICKY L. EDMONDS ) <br>   ) <br>          Defendants.   ) <br> _____) | Civil Action No. 4:10cv69 |

**DEFENDANT RICKY L. EDMONDS' MEMORANDUM IN SUPPORT
OF HIS MOTION FOR CERTIFICATION PURSUANT TO RULE 5:42 OF
THE RULES OF THE SUPREME COURT OF VIRGINIA**

COMES NOW Defendant Ricky L. Edmonds ("Edmonds"), by counsel, and as and for his Memorandum in Support of His Motion for Certification Pursuant to Rule 5:42 of the Rules of the Supreme Court of Virginia, sets forth the following.

## INTRODUCTION

Over 200 homeowners, including Defendant Edmonds, will be affected by this Court's ruling upon the applicability of certain commercial general liability policies issued to builder and developer defendants in underlying tort actions in state and federal courts. The Overlook Defendants have joined issue, indicating that they believe that the pollution exclusion, as applied

1

to an in home residential loss secondary to the characteristics of a building material, is ambiguous and overly broad. Edmonds agrees. The National Association of Home Builders (the "NAHB") has stated repeatedly that it also believes that, in this specific context, such absolute pollution exclusions are overbroad, ambiguous and therefore unenforceable. An amicus brief has been filed by them in the case of Travco Ins. Co. v. Ward, No. 2:10cv14, 2010 U.S. Dist. LEXIS 54387 (E.D. Va. June 3, 2010).

The Defendants in this cause have advanced what they respectfully believe are credible, cogent and reasonable interpretations of the so-called "pollution exclusion" which render it ambiguous. These interpretations derive from both a "common sense" and "reasonable" approach that have expressly been endorsed by the Supreme Court of Virginia. It is imperative that, in this diversity action, considering state law applicable to policies issued to Virginia insureds, the highest court of our state should weigh in on this unique issue of first impression. It is respectfully suggested that the application of this exclusion to avoid coverage for this type of loss, which exclusion has, as its undeniable roots, a temporal and substantive connection to federal and state regulatory anti-pollution enforcement legislation, and which utilizes commonly understood environmental terms of art, would present an injustice and hardship to numerous innocent homeowners as well as other concerned parties.

## ARGUMENT

Rule 5:42 of the Rules of the Supreme Court of Virginia provides the Court with discretion to answer questions of Virginia law certified to it by a federal court sitting in diversity, provided that those questions are determinative in these proceedings and there appear to be no controlling Virginia precedents on point. *See* PSI Net, Inc. v. Chapman, 317 F.3d 413, 415 (4th Cir. 2003),

*affirmed* 362 F.3d 227 (4th Cir. 2004); Boyd v. Bulala, 877 F.2d 1191, 1199 (4th Cir. 1989). It is respectfully requested that the questions of policy interpretation in the context of this specific Chinese drywall loss present questions of first impression that warrant certification to the Virginia Supreme Court for full and final determination of several cases pending in the United States District Court.

This is particularly true, inasmuch as the Virginia Supreme Court in Granite State Ins. Co. v. Bottoms, 243 Va. 228, 235, 415 S.E.2d 131, 135 (1992) recognized that an overbroad exclusion creates a circumstance where manifestly the language may be understood in more than one way, and in fact construed in many ways. *Id.* at 234, 415 S.E.2d at 134. In addition, when an insurer seeks to limit coverage, the insurer must use language that is reasonable, clear and unambiguous. Williams v. Virginia Farm Bureau Mut. Ins. Co., 278 Va. 75, 81, 677 S.E.2d 299, 302 (2010).

Finally the decision in City of Chesapeake v. States Self Insurers Risk Retention Group Inc., 271 Va. 574, 628 S.E.2d 539 (2006) (upon a certified question) does not provide clear binding precedent on the subject issue which still remains a case of first impression. City of Chesapeake, *supra*, involved widespread outdoor pollution with a well defined, heavily regulated pollutant implemented in the litigation, which pollutant existed in outside water. The questions presented in City of Chesapeake do not provide sufficient guidance for the Court to make a full and binding adjudication in a case involving the existence of a pollution exclusion endorsement when analyzed in connection with the specific context of a Chinese drywall loss, which undeniably relates to an in home use of building products with inherently defective characteristics.

It is respectfully suggested that the circumstances presented in the above captioned action present just such a question for determination utilizing the certification process, and that there is indeed no controlling precedent on point. The Virginia Supreme Court cases "on point" do not

clearly answer the question as to whether or not the subject pollution exclusion language is ambiguous and reasonable in form, scope and application, in light of the non-environmental and non-industrial context of the subject loss. Further, to the extent that such alleged pollutants do not leave the resident's premises and are not commonly understood to be pollutants, the question has never been answered by the Virginia Supreme Court.

In <u>NGM Ins. Co. f/k/a National Grange Mutual Ins. co. v. Kuras et al. and Carolina Power Wash and Painting, LLC</u>, (4th Cir. No. 10-1082 2011) the reasoning of the United States District Court on a similar issue arising from a non-traditional pollutant was held to be proper despite an allegation of exposure to paint fumes causing specific physical harms. The language of an identical pollution exclusion was subject to more than one reasonable interpretation and therefore was held to be ambiguous in the context of that loss. This was based upon the reasoning of a variety of cases including <u>Belt Painting v. TIG Ins. Co.</u>, 795 N.E.2d 15, 20 (NY. 2003) (wherein the pollution exclusion was proposed to be interpreted in such a way that would infinitely enlarge the scope of the term "pollutants", especially in the context of alleged bodily injury from exposure to paint fumes in an enclosed area), which the Court considered indicators of alternative reasonable interpretations. Every state in the Fourth Circuit to specifically reach this issue has likewise concluded that the pollution exclusion does not apply to damage other than traditional environmental damage. <u>Clendenin Bros., Inc. v. U.S. Fire Ins. Co.</u>, 889 A. 2d 387, 396 (Md. 2006); <u>West Am. Ins. Co. v. Tufco Flooring Inc.</u>, 409 S.E.2d 692, 700 (M.Ct.App. 1991); <u>NGM Ins.</u>, *supra*.

The current case involves undefined and unspecified compounds which are not defined as "irritants" or "contaminants", which have not "discharged, dispersed, seeped, migrated, escaped or released" as required for the applicability for the exclusion. The requisite policy language, when

measured against the specific nature of a drywall loss creates myriad circumstances for a finding of ambiguity. The Supreme Court of Virginia must reconcile its decisions apparent in Granite State, *supra*, and Williams, *supra*, which reasoning appears to have been echoed in NGM, *supra*, with its previous statements *in dictum* in City of Chesapeake, *supra*, that resort to the interpretations of other jurisdictions is "unnecessary". It is respectfully submitted that, in the complex context of pollution and its applicability to an in home loss, consideration of indications of alternative reasonable interpretations as present in NGM, *supra*, and a long line of other cases are highly compelling and cogent guiding lights to any Court's assessment of what is "reasonable" and further, to aid in the imposition of a practical limitation on an overbroad and expansive exclusion.

Therefore, it is submitted that the Court seek the full, final and determinatve guidance of the Virginia Supreme Court on this unique issue of first impression. It is noted that Judge Dohnal, in Firemen's Ins. Co. of Washington, D.C. v. Kline & Son, 474 F.Supp.2d 779 (E.D.Va. 2007), when ruling for the insurance company, suggested "perhaps the Commonwealth's highest Court will have the opportunity to revisit the issue in the clear context of a "non-traditional" (i.e. non-environmental or non-industrial) pollution occurrence, reaching a different conclusion than this Court has predicted."[1] Edmonds and several homeowners, including builders, respectfully request the intervention of the Court to fully and finally resolve this compelling issue of law.

WHEREFORE, Defendant Edmonds respectfully requests that this Court certify the following questions for determination by the Virginia Supreme Court:

1. In the subject policy of insurance, is the Total Pollution Exclusion ambiguous in the specific context of unspecified compounds being present in a residential home as the result of the characteristics of a product used as a building material in such home?

---

[1] This statement, of course, was post City of Chesapeake, *supra*.

5

2. Are the interpretations of similar defined and undefined terms in identical pollution exclusions by the high courts of other states and federal courts indicators of a "reasonable" interpretation of such terms by an insured in Virginia such that they may provide evidence of alternative reasonable interpretations?

                                              Respectfully submitted,

Dated: March 9, 2011                                   RICKY L. EDMONDS

                                              By: _____/s/_____
                                              Of Counsel

Michael F. Imprevento, Esquire (VSB No. 23926)
John W. Drescher, Esquire (VSB No. 13656)
Jeffrey A. Breit, Esquire (VSB No. 18876)
Breit, Drescher, Imprevento & Walker, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Phone: 757-670-3884
Fax: 757-299-8035 Facsimile
mimprevento@breitdrescher.com
*Co-counsel for Defendant*

Richard J. Serpe, Esquire (VSB No. 33340)
The Law Offices of Richard J Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510
Phone: 757-233-0009
Fax:   757-233-0455
rserpe@serpefirm.com
*Counsel for Defendant*


Frederick S. Longer, Esquire
Levin, Fishbein, Sedran & Berman, P.C.
510 Walnut Street Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
Fax: 215-592-4663
E-mail: flonger@lfsblaw.com
*(admitted Pro Hac Vice on behalf of Edmonds)*
*and Plaintiffs' Lead Counsel MDL 2047*
*Counsel for Defendant Ricky L. Edmonds*

6

OF COUNSEL:

Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2011, I caused a true copy of the foregoing Defendant Ricky L. Edmonds' Memorandum in Support of His Motion for Certification Pursuant to Rule 5:42 of the Rules of the Supreme Court of Virginia to be sent via electronic transmission to the following:

Lawrence A. Dunn, Esquire
Grant E. Kronenberg, Esquire
Morris & Morris, PC
700 E. Main Street, Suite 1100
Richmond, Virginia 23218
Tel.: (804) 344-8300
Fax: (804) 344-8359
LDunn@morrismorrs.com
*Counsel for Plaintiffs Nationwide et al.*

Catherine M. Colinvaux, Esquire
Karl S. Vasiloff, Esquire
Zelle Hofmann Voelbel & Mason LLP
950 Winter Street, Suite 1300
Waltham, Massachusetts 02451
Tel: (781) 466-0700
Fax: (781) 466-0701
CColinvaux@zelle.com
kvasiloff@zelle.com
*Counsel for Plaintiffs Nationwide et al.*

Scott J. Ryskoski, Esquire
Ryskoski Law, P.L.L.C.
556 Silicon Drive
Suite 100

Southlake, Texas 76092
Tel: (817) 310-3527
Fax: (817) 310-0141
sjr@ryskoskilaw.com
*Counsel for Plaintiffs Nationwide et al.*

John J. Rasmussen, Esquire
Recovery Law Group, PLC
P.O. Box 8049
Richmond, Virginia 23223
Tel: (804) 308-1359
Fax: (804) 308-1349
jjr@insurance-recovery.com
*Counsel for Nationwide Defendants The Overlook, LLC, Steven A. Middleton, and Vista Middleton, LLC*

Danny M. Howell, Esquire
Michael T. Marr, Esquire
Mikhael D. Charnoff, Esquire
Courtney S. Schorr, Esquire
Sands Anderson P.C.
1497 Chain Bridge Road, Suite 202
McLean, Virginia 22101
Tel.: (703) 893-3600
Fax: (703) 893-8484
dhowell@sandsanderson.com
mmarr@sandsanderson.com
mcharnoff@sandsanderson.com
cschorr@sandsanderson.com
*Counsel for Plaintiff Builders Mutual Insurance Company*

Andrew Biondi, Esquire
Sands Anderson, P.C.
1111 East Main Street, 24th Floor
P.O. Box 1998
Richmond, Virginia 23218
Tel: (804) 783-7270
Fax: (804) 783-7291
abiondi@sandsanderson.com
*Co-counsel for Plaintiff Builders Mutual Insurance Company*

Jeffrey H. Geiger, Esquire
Sands Anderson PC
1111 East Main Street, 24th Floor
P.O. Box 1998
Richmond, Virginia 23218-1998

Tel: (804) 783-7248
Fax: (804) 783-7291
jgeiger@sandsanderson.com
*Counsel for Plaintiff Builders Mutual Insurance Company*

Richard G. Collins, Esquire
Bartlett & Spirn, P.L.C.
809 Richmond Road
Williamsburg, Virginia 23185
Tel: (757) 229-1910
Fax: (757) 229-7323
rcollins@bartlettspirn.com
*Counsel for Builders Mutual Defendant Parallel Design & Development LLC*

                                                /s/
                                Michael F. Imprevento
                                Breit, Drescher, Imprevento & Walker, P.C.
                                1000 Dominion Tower
                                999 Waterside Drive
                                Norfolk, VA 23510
                                Phone: 757-670-3884
                                Fax: 757-299-8035
                                mimprevento@breitdrescher.com
                                *Counsel for Defendant Edmonds*