# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil Case No.: 4:10cv69-MSD |
| THE OVERLOOK, LLC, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## OVERLOOK LLC'S MOTION REQUESTING CERTIFICATION OF QUESTIONS TO THE SUPREME COURT OF VIRGINIA

Overlook LLC moves this Court as follows:

1. This Court has discretion to ask the Supreme Court of Virginia to answer certified questions of law under Rule 5:40 of the Virginia Supreme Court Rules. On the other hand, no party may file a petition or motion with that court asking for an answer to such questions. Hence, Nationwide's disagreement as to whether a question or questions should be certified does not limit this Court's ability to make such a request.

2. Edmund's motion requesting certification and his rebuttal brief succinctly state why certifying questions to the Supreme Court of Virginia makes sense here and provide the most efficient final resolution of the significant issues in play in this case.

3. As detailed in those papers, whether the pollution exclusion somehow bars coverage for non-traditional environmental pollution has not been addressed by Virginia's high court. Indeed, *Fireman's Ins. Co. of Washington D.C. v. Kline and Son Cement Repair, Inc.*, 474 F.Supp.2d 779 (E.D.Va. 2007) makes this point. And *City Of Chesapeake v. States Self-Insurers Risk Retention Group, Inc.*, 271 Va. 574, 628 S.E.23d 539 (2006) involved traditional environmental pollution –the harm caused by the widespread contamination of drinking water.

4. Virginia courts only speak through their orders, so the briefing in *City of Chesapeake* is of little assistance in predicting how the Supreme Court of Virginia would decide this issue of first impression. Beyond that, the composition of that court has changed significantly since it decided that case.

5. As further noted by Edmunds, every state high court within the Fourth Circuit that has examined the pollution exclusion has held that it does not apply to anything other than traditional environmental damage from a traditional environmental polluting event. (ECF Dkt. # 117 at 3.)

6. Nationwide's suggested certified question does not accurately reflect the pleadings in the underlying *Edmunds v. Parallel Design* case. And those pleadings control the pending summary judgment motions: whether Nationwide owes a duty to defend Overlook against *Edmunds v. Parallel*

*Design.*  Nationwide instead asks the Court to ask whether its policies exclude coverage for damage "sustained as a result from exposure to fumes from the Chinese Drywall in Edmunds' home."  The only question that we understand the Court is considering is the duty to defend Overlook.  We do not understand this Court is currently considering the duty to indemnify (i.e., coverage) under first or third-party policies.  Nor is the duty to defend any other action pending on a summary judgment motion before this Court.

7.  Nationwide's proposed question also does not accurately capture Edmund's allegations, which also refer to "off-gassing."  That is a term of art that refers to compounds created outside the drywall involving other substances that do not come from the drywall.

8.  We respectfully suggest the Court consider certifying these or similar questions more connected to what this Court has before it on summary judgment:

> Does Nationwide's pollution exclusion exclude coverage for all the allegations in Edmunds' complaint involving the effect of drywall installed in a home and compounds allegedly associated in some way with that drywall?
>
> Does Nationwide owe a duty to defend Overlook LLC against the *Edmunds v. Parallel Design* suit?

9.  As noted above, however, the Virginia Supreme Court Rules ultimately leave the actual certified questions posed to the discretion of this Court, as parties to a case cannot move the Supreme Court of Virginia for certification.

10.  Nationwide's suggestion to wait for the ruling in *Ward* makes little sense for two reasons.  *First*, *Ward* involves the duty to indemnify under first-party insurance policies – not the duty to defend a suit under a third-party liability policy as here.  And the rules governing those duties are very different.  *Second*, and with all respect, the Fourth Circuit is not the final arbiter of Virginia law.  Asking the Supreme Court of Virginia to resolve this issue will be more efficient.

11.  Hence, Overlook, LLC respectfully ask that this Court certify questions of law in the

form suggested (or a similar form) to the Supreme Court of Virginia as to the Nationwide pollution exclusion's effect on the duty to defend *Parallel Design v. Edmunds.*

Respectfully submitted,

/s/
John J. Rasmussen
Virginia State Bar No. 45787
Attorney for Defendants The Overlook, LLC, Steven A. Middleton, and Vista Middleton, LLC

INSURANCE RECOVERY LAW GROUP, PLC
PO Box 8049
Richmond, Virginia 23223-0049
Telephone:    (804) 308-1359
Facsimile:    (804) 308-1349
E-mail:       jjr@insurance-recovery.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2011, I will electronically file:

> Overlook LLC's motion requesting certification of questions to the Supreme Court of Virginia

with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Catherine M. Colinvaux, Esq.
Karl S. Vasiloff, Esq.
Seth V. Jackson, Esq.
ZELLE HOFMANN VOELBEL & MASON LLP
950 Winter Street
Suite 1300
Waltham, MA 02451
Telephone:    (781) 466-0700
Facsimile:    (781) 466-0701
ccolinvaux@zelle.com
kvasiloff@zelle.com
sjackson@zelle.com

Lawrence A. Dunn, Esq.
MORRIS & MORRIS, P.C P.O. Box 30

Richmond, Virginia 23218--0030
Telephone:	(804) 344-8300
Facsimile:	(804) 344-8359

Scott J. Ryskoski, Esq.
RYSKOSKI LAW P.L.L.C.
556 Silicon Drive
Suite 100
Southlake, TX 76092
Telephone:	(817) 310-3527
Facsimile:	(817) 310-0141
sjr@ryskoskilaw.com
*Counsel for Plaintiffs*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, P.C.
580 E. Main Street, Suite 310
Norfolk, VA 23510-2322
Telephone:	(757) 233-0009
Facsimile:	(757) 233-0455
rserpe@serepefirm.com

Michael Imprevento, Esq.
BREIT DRESCHER IMPREVENTO & WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Telephone:	(757) 622-6000
Facsimile:	(757) 670-3939
mimprevento@breitdrescher.com
*Attorneys for Ricky L. Edmonds*

                /s/
John J. Rasmussen
Virginia State Bar No. 45787
Attorney for defendants The Overlook, LLC,
Steven A. Middleton, and Vista Middleton,
LLC,

INSURANCE RECOVERY LAW
    GROUP, PLC
PO Box 8049
Richmond, Virginia 23223-0049
Telephone:	(804) 308-1359
Facsimile:	(804) 308-1349
E-mail:	jjr@insurance-recovery.com