IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE OVERLOOK, LLC, STEVEN A. MIDDLETON, VISTA MIDDLETON, LLC and RICKY L. EDMONDS,<br><br>Defendants. | Case No. 4:10cv69 |

**NATIONWIDE'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, and Nationwide Property & Casualty Insurance Company (collectively, "Nationwide") submit this memorandum of law in support of their motion for leave to file an amended complaint.

**FACTUAL BACKGROUND**

As originally pled, Nationwide's complaint for declaratory judgment in this matter sought relief with respect to claims asserted against Nationwide by the Overlook defendants for: 1) the costs of responding to damage caused by noxious fumes dispersed as a result of the presence of Chinese drywall in residences developed by the Overlook defendants and sold to third parties; 2) the costs of responding to such damage in residences developed by the Overlook defendants which they continue to own; and 3) claims asserted against the Overlook defendants by one homeowner – defendant Ricky L. Edmonds – in the suit *Edmonds v. Parallel Design & Development, L.L.C.*, No. CL09-5697 ("*Edmonds Virginia Suit*").

After Nationwide initiated this action, Edmonds filed two additional actions against Overlook relating to alleged damage in the same residence and essentially seeking the same relief: *Wiltz v. Beijing New Building Materials Public Co. Ltd.*, No. 10-361 (E.D. La.) ("*Wiltz*") and *Amato v. Liberty Mut. Ins. Co.*, No. 10-932 (E.D. La.) ("*Amato*"). As a result, Nationwide identified the *Amato* and *Wiltz* complaints in its Revised Initial Disclosures dated August 18, 2010 – over two months before its summary judgment motion was filed. [Affidavit of Karl S. Vasiloff in Support of Nationwide's Motion For Leave to File An Amended Complaint ("Vasiloff Aff."), ¶ 3 and **Tab A**] In seeking summary judgment, Nationwide specifically identified the *Amato* and *Wiltz* complaints, along with *Edmonds Virginia Suit,* as underlying claims with respect to which Nationwide sought summary judgment.[1] And this made sense as a practical matter, since the key allegations in *Edmonds Virginia Suit, Amato* and *Wiltz* involve the same facts and circumstances.

In the *Edmonds Virginia Suit*, Edmonds claims that Chinese drywall "emits various sulfide gasses and/or other toxic chemicals through off-gassing," that the "chemical compounds" from the Chinese drywall "cause and have caused dangerous health consequences, including. . .allergic reactions, respiratory afflictions, sinus and bronchial problems requiring medical attention," and that "as a direct consequence" of Overlook's use of Chinese drywall, Edmonds "has been exposed to airborne sulfur-based chemicals in quantities sufficient to harm them, and they have been harmed." [Vasiloff Aff., ¶ 4 and **Tab B** at ¶¶ 11, 12 and 59] In *Amato*, Edmonds alleges that the compounds in Chinese drywall "release sulfides and other noxious gases that are then emitted (or-'off-gassed') from the Chinese drywall;" that the drywall contains

---

[1] Nationwide also sought summary judgment regarding the non-Edmonds' claims asserted by Overlook as described above. Based on the Court's comments at the hearing on Nationwide's motion, Nationwide understands that the Court does not intend to address these claims on summary judgment at this time.

"high levels of sulfur and strontium, which emit high levels of sulfur and sulfur compounds," including "sulfuric acid and hydrogen sulfide, carbonyl sulfide and sulfur dioxide which corrode copper wires, copper plumbing," and other fixtures and components such as "HVAC systems, refrigerators, televisions, personal computers and other electrical and electronic devices;" and that "hydrogen sulfide and other compounds emitted" from Chinese drywall is associated with, among other things "breathing problems." [Vasiloff Aff., ¶ 5 and **Tab C** at ¶¶ 624-6] In *Wiltz*, Edmonds alleges that the Chinese drywall "releases sulfides and other noxious gases that are then emitted (or 'off-gassed') from the drywall;" that "Sulfides and other noxious gases" emitted from Chinese drywall cause "corrosion and damage to personal property (such as air conditioning and refrigerator coils, faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property,"); and that "exposure to sulfide and other noxious gases, such as those emitted from Defendants' drywall cause personal injury resulting in eye irritation, sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm." [Vasiloff Aff., ¶ 6 and **Tab D** at ¶¶ 742-4]

Notably, Overlook's opposition to Nationwide's motion for summary judgment with respect to *Edmonds Virginia Suit* core argument is that the pollution exclusions contained in the Nationwide policies are limited to so-called "traditional environmental pollution." Doubtless, this same argument will be the centerpiece of Overlook's opposition to the application of the pollution exclusion to the *Wiltz* and *Amato* lawsuits. [Overlook's Brief Opposing Nationwide's Summary Judgment Motion (filed Nov. 15, 2010) (ECF No. 77) at 17-19] Indeed, Edmonds had no trouble recognizing that *Wiltz* and *Amato* were at issue in Nationwide's summary judgment motion, and never suggested that they should not be considered on the merits, which is not surprising given the similarities among the three lawsuits' factual allegations as set forth above.

3

[*See* Defendants Ricky L. Edmonds' Reply Memorandum in Response to Defendant The Overlook, LLC's Motion for Partial Summary Judgment (filed Nov. 29, 2010) (ECF No. 88)]

During the March 8, 2011 oral argument on Nationwide's motion for summary judgment based on the pollution exclusion, Nationwide's counsel suggested that, for the sake of good order, it would formally amend its complaint to explicitly include the *Wiltz* and *Amato* lawsuits. [Vasiloff Aff., ¶ 7 and **Tab E** at 88-93] In making this suggestion, Nationwide was clear that the purpose of the amendment was to ensure that *Wiltz* and *Amato* were considered in connection with Nationwide's Motion for Summary Judgment:

> Now one argument, one issue I do need to address with the court because I know it has your attention, Your Honor, is whether and to what extent the lawsuits pending by Mr. Edmonds, I guess he has three lawsuits against Overlook and two of them are in Louisiana. Amato and Wiltz. It's not in our original complaint for declaratory judgment. The lawsuits were identified on August 18, 2010 in our supplemental Rule 26(f) disclosures. The coverage for those lawsuits are clearly – the issue's been joined, is the best way to put it, Your Honor, looking at the papers.
>
> \* \* \*
>
> Your Honor, for good order's sake, an amendment to the complaint would be appropriate. We'd be happy to do that. But I would respectfully suggest that given the fact that issue has been joined, it does make sense to address those two lawsuits.

[*Id*. at 88]

In response, Edmonds' counsel stated that "we have no objection to them amending the complaint to conform it to the allegations in the summary judgment" and that "it's time for a decision and we are not going to stand on a post-hoc objection." [*Id*. at 92-93] Similarly, while Overlook's counsel expressed his view that the *Amato* and *Wiltz* were not technically before the Court, Overlook's counsel stated that "I have no real opposition to the amendment" and that "it's certain that they can add it." [*Id*. at 91]

4

In light of the parties' agreement to the proposed amendment during oral argument, Nationwide's counsel circulated a proposed amended complaint and order to Edmonds' and Overlook's counsel on March 11, 2011. [Vasiloff Aff., ¶ 8 and **Tab F**] Counsel for Edmonds agreed to the proposed amended complaint.[2] [*Id*. at ¶ 9 and **Tab G**] However, despite his comments to the Court at oral argument, counsel for Overlook would not agree to the proposed amended complaint; rather, after several follow up inquiries, he stated on March 22, 2011 only that "we probably will not oppose your motion to seek leave to amend. If we don't oppose it, we will file a notice of non-opposition." [*Id*. at ¶ 10 and **Tab H**] Further, Overlook's counsel also finally stated that he refused to agree to the amendment to the extent that it would formalize *Wiltz's* and *Amato's* inclusion in the Court's resolution of Nationwide's summary judgment motion. [*Id*.]  When asked to explain the refusal, Overlook's counsel stated that *Amato* and *Wiltz* involve "different pleadings," (which they do, but this is wholly immaterial to the issues presented, as set forth above), and "different facts." [*Id*.] Nationwide noted in response that it was inconceivable that *Amato* and *Wiltz* could involve "different facts" given that it is the same plaintiff, same drywall, and same residence involved in all three lawsuits, but nonetheless asked for an explanation. [*Id*. at ¶ 11 and **Tab I**]

At that time, Overlook's counsel responded only that Nationwide is "wrong," but did not otherwise respond. [*Id*. at ¶ 12 and **Tab J**] On March 30, 2011, however, Overlook's counsel did send a letter advising (again) that Overlook objected to the amendment to the extent it would result in the inclusion of *Wiltz* and *Amato* in this Court's resolution of Nationwide's Motion for Summary Judgment. [*Id*. at ¶ 13 and **Tab K**] Notably absent from this letter is any explanation

---

[2]  Edmonds' agreement was later conditioned on Edmonds' counsel's signature line for the proposed order stating: "Seen and agreed, subject to Defendant Edmonds renewed request for telephonic coordination with the Multi-District Litigation Court prior to ruling." [*Id*. at ¶ 9 and **Tab G**]

5

of how or why *Amato* and *Wiltz* are substantively different from *Edmonds Virginia Suit* or what "facts" are presented by *Amato* and *Wiltz* that are not presented by *Edmonds Virginia Suit*. [*Id*.]

## **ARGUMENT**

Nationwide's Proposed Amended Complaint is attached at **Exhibit 1**, and a redline version showing the changes is attached at **Exhibit 2**. Federal Rule of Civil Procedure 15(a) states that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (Rule 15(a) mandates a "liberal reading" of the rule's directive that leave be granted freely).

Here, while the amendment's purpose is technical and will not alter the substantive issues before the Court or the character of this litigation, it is important because it will remove any doubt as to the Court's ability to resolve a threshold coverage issue which affects all three underlying lawsuits. Amendment will also conserve judicial resources. Under the circumstances presented, including the fact that the question of coverage for the *Wiltz* and *Amato* lawsuits is fully briefed and argued, any additional delay in resolving the application of the pollution exclusion in the Nationwide policies to the four corners of these suits would be both inefficient and a waste of the Court's and parties' resources, a point which Edmonds' counsel explicitly acknowledged.

Further, Overlook previously agreed to the amendment in open court. Overlook will not be prejudiced by the amendment. Indeed, to date, and despite repeated requests for a response to the Proposed Amended Complaint, the only "prejudice" claimed by Overlook is the unexplained assertion that *Amato* and *Wiltz* involve "different facts." Respectfully, this argument does not hold water, for the reasons noted. Nor would it provide a basis to deny "liberal amendment"

where the three suits involve the same underlying claims by the same underlying claimant (Edmonds, who does not oppose the amendment) for the same alleged harm.

## CONCLUSION

WHEREFORE, Nationwide requests that this Court grant it leave to file the amended complaint attached as **Exhibit 1**, and include the *Amato* and *Wiltz* lawsuits in its resolution of Nationwide's motion for summary judgment.

DATED:  April 4, 2011            Respectfully submitted,

NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY

By      /s/ Grant E. Kronenberg
Lawrence A. Dunn
Virginia State Bar No. 30324
Grant E. Kronenberg
Virginia State Bar No. 65647
*Attorneys for Plaintiffs*
MORRIS & MORRIS P.C.
700 East Main Street, Suite 1100
P.O. Box 30
Richmond, VA 23218-0030
Tel: (804) 344-8300
Fax: (804) 344-8359
ldunn@morrismorris.com
gkronenberg@morrismorris.com

Catherine M. Colinvaux *(Pro Hac Vice)*
Karl S. Vasiloff (*Pro Hac Vice*)
Seth V. Jackson *(Pro Hac Vice)*
*Attorneys for Plaintiffs*
ZELLE HOFMANN VOELBEL & MASON LLP
950 Winter Street
Suite 1300
Waltham, MA 02451
Tel: (781) 466-0700
Fax: (781) 466-0701
ccolinvaux@zelle.com
sjackson@zelle.com

Scott J. Ryskoski *(Pro Hac Vice)*
*Attorneys for Plaintiffs*
RYSKOSKI LAW P.L.L.C.
556 Silicon Drive
Suite 100
Southlake, TX 76092
Tel: (817) 310-3527
Fax: (817) 310-0141
sjr@ryskoskilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2011, I will electronically file Nationwide's Memorandum of Law in Support of Its Motion for Leave to File an Amended Complaint with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

John Janney Rasmussen, Esq.
*Attorneys for Defendants*
*The Overlook, LLC, Steven A. Middleton,*
*Vista Middleton, LLC*
INSURANCE RECOVERY LAW GROUP PLC
3015 East Broad Street
P.O. Box 8049
Richmond, VA 23223
Tel: (804) 308-1359
Fax: (804) 308-1349
jjr@insurance-recovery.com

Michael F. Imprevento, Esq.
John W. Drescher, Esq.
Jeffrey A. Breit, Esq.
*Attorneys for Defendant Ricky L. Edmonds*
BREIT, DRESCHER, IMPREVENTO & WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Tel: (757) 622-6000
Fax: (757) 670-3939
mimprevento@breitdrescher.com
jdrescher@breitdrescher.com
jbreit@bdbmail.com

Richard James Serpe, Esq.
*Attorneys for Defendant Ricky L. Edmonds*
LAW OFFICES OF RICHARD L. SERPE, P.C.
580 E Main Street
Suite 310
Norfolk, VA 23510
Tel: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

      /s/
Grant E. Kronenberg
Virginia State Bar No. 65647
*Attorney for Plaintiffs*
MORRIS & MORRIS P.C.
700 East Main Street, Suite 1100
P.O. Box 30
Richmond, VA 23218-0030
Tel: (804) 344-8300
Fax: (804) 344-8359
gkronenberg@morrismorris.com