**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

FILED
APR 15 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**NATIONWIDE MUTUAL INSURANCE COMPANY, and**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, and**

**NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY,**

  Plaintiffs,

v.

**THE OVERLOOK, LLC, and**

**STEVEN A. MIDDLETON, and**

**VISTA MIDDLETON, LLC, and**

**RICKY L. EDMONDS,**

  Defendants.

Civil Action No. 4:10cv69

## ORDER

The Court currently has pending before it three cross-motions for summary judgment limited to the issue of whether pollution exclusions in various policies Nationwide issued to The Overlook, LLC ("Overlook") exclude from coverage damage caused by defective drywall. If such exclusions are applicable, Nationwide has no duty to defend Overlook in lawsuits involving such defective drywall or indemnify Overlook for legal damages against it or costs incurred by Overlook in its efforts to remediate homes with defective drywall. In this case, the

question of coverage arises in the context of two distinct sets of claims.

As to the first set, the Court must determine if Nationwide has a duty to defend and indemnify Overlook with respect to claims brought by Ricky L. Edmonds ("Edmonds") against Overlook in a lawsuit pending in the Norfolk Circuit Court. In order to make this determination, the Court follows the "eight corners" rule. In applying this rule, the Court compares the allegations contained within the four corners of Edmonds' complaint to the terms contained within the four corners of the insurance contract to determine if coverage exists. Since the only evidence relevant to this analysis is Edmonds' complaint and the insurance policies, the Court need not allow for additional discovery in order to carry out its "eight corners" analysis. In light of that principle, and the fact that the Court's task is to "determine how the highest state court would interpret the law," Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999), the Court has recently certified a question to the Supreme Court of Virginia regarding the application of the relevant pollution exclusion to Edmonds' complaint. Docket No. 121. In light of this Order of Certification, the Court **CONTINUES** the trial of this matter generally, pending a decision on the issue by the Supreme Court of Virginia, with the trial date to be set at a later date.

2

Although the Court has continued the trial date, there is a need for discovery with respect to the second set of claims. These claims raise the issue of Nationwide's duty to indemnify Overlook for costs incurred during its remediation of the units that Overlook sold to owners other than Edmonds, as well as the units Overlook still owns. Since the Court has no underlying lawsuits upon which it could base an eight corners analysis, the Court must consider "litigated facts" in making its determination regarding the applicability of the pollution exclusion to those claims. <u>CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 566 F.3d 150, 155 (4th Cir. 2009). Given this need for litigated facts on the "non-Edmonds" claims, the Court **LIFTS** the discovery stay and **ORDERS** the parties to consult and agree upon a discovery plan that provides for <u>limited</u> discovery, which may include interrogatories, depositions, requests for production, requests for admission, in addition to other means that the parties mutually agree upon, on the issue of the pollution exclusion's application to the damages which occurred in the "non-Edmonds" homes. The Court further **ORDERS** the parties to file notice, by May 16, 2011, that they have reached such agreement. This notice shall include new discovery deadlines agreed to by the parties. Additionally, the Court holds its decision on the summary judgment motions in **ABEYANCE** pending a response from the Supreme Court of Virginia and the

3

completion of limited discovery.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 14, 2011