IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY | ) ) ) ) ) ) | Case No. 4:10cv69 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE OVERLOOK, LLC, STEVEN A. MIDDLETON, VISTA MIDDLETON, LLC and RICKY L. EDMONDS, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S CERTIFICATION ORDER AS TO THE WORDING AND SCOPE OF THE CERTIFIED QUESTION**

COME NOW Plaintiffs Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and National Property and Casualty Insurance Company (collectively "Nationwide"), by counsel, and as and for their Memorandum in Support of their Rule 54(b) Motion for Reconsideration of the Court's Certification Order as to the wording and scope of the certified question, state as follows.

**INTRODUCTION**

By Order dated April 12, 2011 and pursuant to Article VI, Section 1 of the Constitution of Virginia and Rule 5:40 of the Rules of the Supreme Court of Virginia, this Court certified a three-part question to the Virginia Supreme Court and provided the Supreme Court with certain information and materials related to this action. By this Motion for Reconsideration, Nationwide does not intend to reargue its position that the requirements for certification have not been met,

as Nationwide recognizes the Court's contrary determination. Nationwide respectfully submits, however, that two aspects of the Certification Order warrant reconsideration and amendment.

First, the questions certified by the Court can be read to presuppose that the Nationwide pollution exclusions are ambiguous, which Nationwide does not believe was the Court's intent. Nationwide therefore respectfully requests that the questions set forth below be substituted for those contained in the Certification Order.

Second, as more fully set forth in Nationwide's pending Motion to Amend, the allegations asserted by Edmonds in the two Louisiana suits, *Wiltz v. Beijing New Building Materials Public Co. Ltd.,* No. 10-361 (E.D. La.) ("*Wiltz*"), and *Amato v. Liberty Mut. Ins. Co.*, No. 10-932 (E.D. La.) ("*Amato*"), arise out of, and pertain to, the exact same facts and circumstances as do the allegations in *Edmonds v. Parallel Design & Development, L.L.C.*, No. CL09-5697 ("*Edmonds Virginia Suit*"), and Overlook similarly seeks defense and indemnification from Nationwide with respect to these two suits. While this Court included the underlying complaint in *Edmonds Virginia Suit* in the Certification Order, Nationwide requests that the Court reconsider the Order to the extent of also including the allegations against Overlook contained within the *Wiltz* and *Amato* complaints.

## ARGUMENT

Federal Rule of Civil Procedure 54 governs a "court's ability to reconsider a nonfinal order while a case is still pending." *Richardson v. Va. Dep't of Corr.*, Civ. No. 3:07CV514, 2009 U.S. Dist. LEXIS 130469, at *2 (E.D. Va. June 18, 2009). "Under Rule 54 (b), 'a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted.'" *Id.* Indeed, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

the parties does not end the action as to any of the claims or parties and may be revised." Fed. R. Civ. P. 54(b).

Motions for reconsideration filed under Rule 54(b) are not subject to the strict standards applicable to motions for reconsideration of a final judgment. *See Netscape Communs. Corp. v. Valueclick, Inc.*, 704 F. Supp. 2d 544, 546-7 (E.D. Va. 2010) (showing of extraordinary circumstances is not required). Instead, the court's guiding principle is "to reach the correct judgment of law." *Id*. (*citing Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003)). Here, this principle favors rephrasing of the certified questions and including the *Wiltz* and *Amato* complaints in the Certification Order for the reasons set forth below.

**I.    The Court Should Modify The Questions Certified.**

In its Certification Order, the Court certified the following three-part question to the Virginia Supreme Court:

> In the pollution exclusion clause of the relevant insurance contracts, is the definition of "pollutant," as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste," ambiguous, 1) because it could be interpreted to apply only to traditional environmental pollutants, 2) because it is so broad that it could cover virtually any substance and potentially lead to absurd results, or 3) because it is substantively unreasonable?

At the end of the argument on Nationwide's pending Motion for Summary Judgment on the application of the pollution exclusion, this Court stated:

> And as we have been arguing through this, I keep, I've kept coming back to this question, who is going to have the final say? And it's the Virginia Supreme Court that's going to have the final say no matter what happens. That's who has to have the final say because it's the highest court of the state. And state law controls. And these are not easy issues. And I think these are *close cases*. I'll be very frank with you all. I think these – you know, it's, these are *close legal issues*, and I, like the other judges, are struggling with them.

3

> \* \* \*
>
> And again, I think it's a *close call*. *Close question*.

[Affidavit of Karl S. Vasiloff in Support of Plaintiffs' Motion for Reconsideration of Court's Certification Order as to the Wording and Scope of the Certified Question, ¶ 3 and **Exhibit A** (emphasis added)]

It is Nationwide's understanding that because the Court found the application of the Nationwide pollution exclusions to be a "close call" that was not resolved by existing precedent in the Court of Appeals or Supreme Court of Virginia, the Court made the decision to certify. Nationwide respectfully submits, however, that the questions certified could be improperly read as incorrectly presuming this Court has already determined the definition of "pollutants" in the pollution exclusion is ambiguous, and is simply asking the Virginia Supreme Court to rule on which of three bases that decision should be premised. In essence, the question, as presently phrased, could be incorrectly read as suggesting the Court has already determined that the exclusion is ambiguous because either or all of the arguments summarized in sub-clauses 1, 2 and 3 of the question are correct. Clearly, the Court has not reached such a decision as reflected by the Court's comments noted above and the absence of any order so ruling. At a minimum, the questions reflect only one side of the "close legal issues" presented.

Although Nationwide acknowledges that the Court has rejected its proposed question, it is more appropriate for the Court to certify a question or questions which less overly capture any party's contentions on the merits than the questions do as presently phrased.[1] Nationwide also recognizes that the Court perceives a need to encapsulate or paraphrase to some extent the Defendants' arguments within the certified questions. Accordingly, Nationwide respectfully

---

[1] Nationwide proposed: Is coverage excluded under the pollution exclusion contained in the Nationwide policies at issue for claims made by homeowner Ricky Edmonds against developer Overlook LLC for alleged bodily injury and property damage sustained as a result of exposure to fumes from the Chinese Drywall in Edmonds' home?

requests that the Court reconsider its Certification Order to the extent of rephrasing the questions certified as follows:

> In the pollution exclusion clause of the relevant insurance contracts, is the definition of "pollutant," as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste": 1) limited to "traditional environmental pollution" and, if so, is it thus inapplicable to the "toxic chemicals" and sulfur gases alleged by Edmonds to be at issue, 2) unenforceable as overly broad potentially leading to absurd results, 3) unenforceable as substantively unreasonable; or 4) unambiguous and enforceable, thus precluding coverage for the underlying actions filed by Edmonds?

This question cannot be read to presuppose that the exclusion is ambiguous, and better reflects the view that the question presented is a "close call." Nationwide does not submit this alternative question or ask the Court to reconsider its Order lightly, but as all parties and this Court recognize, these are issues of great import deserving of even-handed treatment under the law.

**II.     The Court Should Amend The Order To Include The *Wiltz* And *Amato* Complaints.**

As Edmonds' counsel observed during the summary judgment argument, the resolution of Nationwide's summary judgment motion should include the *Wiltz* and *Amato* actions – doing so simply conforms the decision to the motions as briefed and to the real world dispute among these parties. Although Overlook has stated that it opposes amendment of Nationwide's complaint to overtly include the *Wiltz* and *Amato* suits because *Wiltz* and *Amato* may involve different facts, the "four corners" of the *Wiltz* and Amato complaints are beyond factual dispute.

Under these circumstances, Nationwide requests that the Court's Certification Order be amended to ensure that, whatever questions are certified, they are decided in the context of all three actions – *Edmonds Virginia Suit*, *Wiltz* and *Amato*. An issue which is important enough to warrant certification is important enough to be resolved on a complete record, which would

include *Wiltz* and *Amato*. Further, there will be no prejudice to Overlook. It will have an opportunity to present any and all of its arguments under the eight corners rule to the Virginia Supreme Court for all three underlying lawsuits. Thus, both justice and judicial economy will be served by amending the Certification Order as requested by Nationwide.

## CONCLUSION

For the foregoing reasons, Nationwide respectfully requests that this Court reconsider its Certification Order and, upon reconsideration, amend the Order to revise the question certified as set forth above and to include the underlying *Wiltz* and *Amato* actions in the Order.

DATED: April 15, 2011

Respectfully submitted,

NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY

By    /s/
Lawrence A. Dunn
Virginia State Bar No. 30324
Grant E. Kronenberg
Virginia State Bar No. 65647
*Attorneys for Plaintiffs*
MORRIS & MORRIS P.C.
700 East Main Street, Suite 1100
P.O. Box 30
Richmond, VA 23218-0030
Tel: (804) 344-8300
Fax: (804) 344-8359
LDunn@morrismorris.com
gkronenberg@morrismorris.com

Catherine M. Colinvaux *(Pro Hac Vice)*
Karl S. Vasiloff *(Pro Hac Vice)*
Seth V. Jackson *(Pro Hac Vice)*
*Attorneys for Plaintiffs*
ZELLE HOFMANN VOELBEL & MASON LLP
950 Winter Street
Suite 1300

Waltham, MA 02451
Tel: (781) 466-0700
Fax: (781) 466-0701
ccolinvaux@zelle.com
kvasiloff@zelle.com
sjackson@zelle.com


Scott J. Ryskoski *(Pro Hac Vice)*
*Attorneys for Plaintiffs*
RYSKOSKI LAW P.L.L.C.
556 Silicon Drive
Suite 100
Southlake, TX 76092
Tel: (817) 310-3527
Fax: (817) 310-0141
sjr@ryskoskilaw.com


**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of April, 2011, I will electronically file Plaintiffs'

Memorandum of Law in Support of Motion For Reconsideration of The Court's Certification

Order as to The Wording and Scope of The Certified Question with the Clerk of the Court using

the CM/ECF system, which then sent notification of such filing (NEF) to the following:

| | |
|---|---|
| John Janney Rasmussen, Esq. | Michael F. Imprevento, Esq. |
| *Attorney for Defendants* | John W. Drescher, Esq. |
| *The Overlook, LLC, Steven A. Middleton,* | Jeffrey A. Breit, Esq. |
| *Vista Middleton, LLC* | *Attorneys for Defendant Ricky L. Edmonds* |
| INSURANCE RECOVERY LAW GROUP PLC | BREIT, DRESCHER, IMPREVENTO & WALKER, P.C. |
| 3015 East Broad Street | 1000 Dominion Tower |
| P.O. Box 8049 | 999 Waterside Drive |
| Richmond, VA 23223 | Norfolk, VA 23510 |
| Tel: (804) 308-1359 | Tel: (757) 622-6000 |
| Fax: (804) 308-1349 | Fax: (757) 670-3939 |
| jjr@insurance-recovery.com | mimprevento@breitdrescher.com |
| | jdrescher@breitdrescher.com |
| | jbreit@bdbmail.com |

Richard James Serpe, Esq.
*Attorney for Defendant Ricky L. Edmonds*
LAW OFFICES OF RICHARD L. SERPE, P.C.
580 E Main Street
Suite 310
Norfolk, VA 23510
Tel: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

                                                   /s/
                                       Lawrence A. Dunn
                                       Virginia State Bar No. 30324
                                       Grant E. Kronenberg
                                       Virginia State Bar No. 65647
                                       *Attorneys for Plaintiffs*
                                       MORRIS & MORRIS P.C.
                                       700 East Main Street, Suite 1100
                                       P.O. Box 30
                                       Richmond, VA 23218-0030
                                       Tel: (804) 344-8300
                                       Fax: (804) 344-8359
                                       LDunn@morrismorris.com
                                       gkronenberg@morrismorris.com