**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE | ) | |
| COMPANY, NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY and | ) | |
| NATIONWIDE PROPERTY & CASUALTY | ) | |
| INSURANCE COMPANY | ) | Case No. 4:10cv69 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE OVERLOOK, LLC, STEVEN A. | ) | |
| MIDDLETON, VISTA MIDDLETON, LLC | ) | |
| and RICKY L. EDMONDS, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' NOTICE OF PURELY LEGAL SUMMARY JUDGMENT ISSUES

By Order dated May 17, 2011, the Court directed the plaintiffs (collectively, "Nationwide") to file this Notice setting forth "the purely legal grounds (grounds that do not require factual discovery), if any, upon which Nationwide might also move for summary judgment." *Id.* at 1. This Notice is Nationwide's response to the Court's directive.

## INTRODUCTION

In the context of legal issues presented by a contractual dispute, the need for discovery is often a close question. Nationwide has carefully considered its response to the Court's directive, while remaining mindful of the Court's prior decision to allow additional discovery with respect to the pollution exclusion. Despite the Court's prior decision, Nationwide continues, respectfully, to be of the view that the current record on the pollution exclusion is sufficient and dispositive based on the opposing party's inability to identify discovery which could result in a different outcome. Accordingly, Nationwide has included the pollution exclusion in the list below as it

pertains to all claims included in this declaratory judgment action, together with a potential approach to addressing any further discovery.

With the exception of the application of the pollution exclusion to the duty to defend Edmonds' Louisiana lawsuits, other bases for summary judgment included in this Notice may raise considerations similar to those in the pollution exclusion context regarding the extent to which discovery is required. However, Nationwide believes that, with concentrated effort by counsel for all parties, all of the issues included herein could be resolved, either based on the current discovery record or based on stipulated facts or limited, targeted discovery.[1]

As the Court will recall, the underlying claims at issue each implicate *either* the Nationwide first-party insurance (where an insured owns the property) *or* the Nationwide third-party insurance (where the unit had been sold to a third-party),[2] but not both. The pollution exclusion is the only significant dispositive issue common to both the Nationwide first- and third-party coverages, and so it is the only single issue that is potentially dispositive of all claims. Other issues are potentially dispositive of either all first-party or all third-party claims, so that collectively, there are legally dispositive issues for every underlying claim included in this suit. Because of these coverage distinctions, Nationwide addresses first the pollution exclusion, and then, separately, issues which are potentially dispositive with respect to third-party or to first-party underlying claims.

As directed by the Court, Nationwide has met and conferred with counsel for Overlook and Edmonds to prepare an agreed discovery plan which addresses all discovery potentially

---

[1]     This list is not intended to include all potential grounds for partial or complete summary judgment in Nationwide's favor, and Nationwide does not waive grounds for summary judgment not included. Indeed, there are additional issues which Nationwide believes do require discovery and which are not included herein.

[2]     Note that "owned property" exclusions may also apply to bar third-party coverage for property previously owned and then sold by an insured. However, these issues would benefit from additional discovery.

necessary as to all remaining legal issues, including but not limited to the issues set forth in this notice. That plan is being filed today. While Nationwide is of course prepared to adhere to the plan, Nationwide respectfully submits that the early disposition of the issues identified in this Notice, including those that may require further, but limited, development of the record as set forth below, provides the Court and the parties with an alternative and more efficient approach to the resolution of this action.

### POTENTIALLY PURELY LEGAL BASES FOR SUMMARY JUDGMENT

1. **Pollution Exclusion.**

    a. _Duty to Defend/Indemnify: Louisiana Lawsuits (Wiltz and Amato)._ By Opinion and Order dated May 13, 2011, the Court granted summary judgment in Nationwide's favor finding no duty to defend the Overlook defendants in _Edmonds v. Parallel Design & Dev. L.L.C._, No. CL09005697-00 (Va. Cir. Ct., Norfolk). On May 17, 2011, the Court granted Nationwide's Motion to Amend the Complaint in this action to include two additional lawsuits filed by defendant Edmonds against defendant The Overlook, LLC. Nationwide's duty to defend these additional lawsuits (_Wiltz v. Beijing New Bldg. Mat'ls Pub. Ltd. Co._, 2:10cv361 (E.D. La.) and _Amato v. Liberty Mut. Ins. Co._, 2:10cv932 (E.D. La.)) can be resolved based on the Eight Corners with no additional discovery and with limited briefing focusing only on any unique issues the defendants may argue are raised by the _Wiltz_ and _Amato_ complaints that were not resolved by the Court's prior opinion.

    b. _Duty to Indemnify: Non-Edmonds Claims._ For the reasons set forth in Nationwide's summary judgment papers, Nationwide continues to believe that Overlook has not identified any additional discovery which, if completed, has the potential to negate the application of the pollution exclusion to the non-Edmonds claims. Accordingly, in Nationwide's

view, this issue remains ripe for judgment. Alternatively, the Court could direct Overlook to identify the further discovery it needs and set an accelerated schedule to complete such limited discovery, with a similarly limited and accelerated opportunity for Nationwide to explore or rebut any such further discovery. The pollution exclusion issue is potentially dispositive of all claims and counts included in this lawsuit.

## 2. __Additional Third-Party Legal Basis for Summary Judgment__

_Duty to Defend and Indemnify:  No "Suit" and No "Legal Obligation to Pay As Damages"._

The third-party coverages at issue provide, generally:[3]

### 1. Insuring Agreement.

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and the duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result.

\*       \*       \*

"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a.  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

---

[3]       In the interests of brevity and simplicity, quoted policy language in this Notice is from only one representative policy. Although there may be wording differences across the insurance policies included in the lawsuit, the legal issues are generally applicable. Third-party language is quoted from ACP GLO 2413232071 (effective from 5/1/09-5/1/10); first-party language is quoted from ACP CPP  2413232071 (effective from 5/1/09-5/1/10). _See_ Exs. 11 and 5, respectively to the Aff. of J. Sjullie filed in support of Nationwide's Motion for Summary Judgment Based on the Pollution Exclusion (Oct. 25, 2010).

      b.   Any other alternative dispute resolution proceeding in which
such damages are claimed and to which the insured submits
with our consent.

Overlook has the burden to prove that these requirements of the Insuring Agreement are met.

*Travco Ins. Co. v. Ward*, 715 F. Supp. 2d 699, 706 (E.D. Va. 2010) (citing *Maryland Cas. Co. v.
Cole*, 158 S.E. 873, 876 (Va. 1931)).

      In this case, no unit-owner, other than Edmonds, has brought suit against Overlook. It

appears that Overlook will contend that its own letters to the unit-owners advising them of the

circumstances, and/or its own subsequent offer and agreement to remedy the defective work,

constitute a "suit" potentially giving rise to "damages."[4] Whether, in the absence of any civil

proceeding (or even any demand letter) an insured's own preemptive agreement to make good on

its defective work or product constitutes a "suit" for "damages" provides a legal basis for

summary judgment which, if successful, would resolve all of the third-party claims at issue. *See,
e.g., Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.*, 709 F. Supp. 2d 432, 438-440 (E.D. Va.

2010) ("*Dragas I*"); *Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.*, 709 F. Supp. 2d 441, 447

(E.D. Va. 2010) ("*Dragas II*"); *see also Firemen's Ins. Co. of Wash. D.C. v. Kline & Son Cement
Repair, Inc.*, 474 F. Supp. 2d 779, 784-86 (E.D. Va. 2007) (discussing whether there can even be

a case or controversy sufficient to support an insurer's declaratory judgment action in the

absence of an underlying suit).

     **3.**      **Additional First-Party Legal Bases for Summary Judgment**

---

[4]     Nationwide has served interrogatories and document requests asking Overlook to identify the documents or
circumstances which it contends constitute a "suit." Nationwide's First Set of Interrogatories to The Overlook, LLC
(Mar. 19, 2010), No. 7; Nationwide's First Set of Requests for Production of Documents to The Overlook, LLC
(Mar. 19, 2010), No. 7. Overlook has not provided substantive responses to these document requests, which were the
subject of meet and confer activity between Nationwide and Overlook when the discovery stay was entered on
November 1, 2010. Nationwide has moved to compel similar information in *Nationwide Mut. Ins. Co. v. Stony
Point*, No. 4:10cv70 (E.D. Va.). *See* Motion to Compel Stony Point's Responses to Interrogatories and Production of
Documents (filed October 14, 2010).

a.    *Corrosion and Hidden or Latent Defect Exclusion*.   The first party coverages generally exclude coverage for "loss or damage caused by or resulting from" "[r]ust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself."[5] Multiple Virginia courts have found that nearly identical exclusions bar coverage for Chinese Drywall related property damage claims in the first-party context. *See Proto v. The Futura Group, LLC*,  No. CL09-2455, letter op. at 5 (Va. Cir. Ct., May 6, 2011) ("plain language" of similar corrosion exclusion excludes coverage for "everything . . . that corroded as a result of the Chinese drywall's off-gassing"; "The defect in the Chinese drywall is latent because it is not immediately discoverable upon inspection. Only the passage of time reveals this defect. The latent defect exclusion is applicable to Plaintiffs' claims"); *Travco Ins.*, 715 F. Supp. 2d at 710-12, 713-15 (similarly applying corrosion and latent defect exclusions to preclude first-party coverage for property damage caused by off-gassing of sulfur fumes from Chinese drywall), *appeal pending*.

Nationwide believes these motions can be brought based on stipulated facts, complete answers to already-served interrogatories or requests to admit. To the extent that any other discovery is necessary, it generally overlaps with or is the same as any limited, targeted discovery necessary with respect to the pollution exclusion and could be coordinated with the approach described above with respect to the pollution exclusion.

b.    *Faulty Materials Exclusion.*

The first party coverages also generally exclude coverage for "loss or damage caused by or resulting from":

Faulty, inadequate or defective:

---

[5]       *See* n. 3, *supra*.

*     *     *

(3) Materials used in repair, construction, renovation or remodeling . . .

*     *     *

of part or all of any property on or off the described premises. [6]

Again, multiple Virginia courts have found that nearly identical exclusions bar coverage for Chinese Drywall related property damage claims in the first-party context. *See, Proto,* letter op. at 5 ("The plain language of the defective materials exclusion excludes damage caused by the Chinese drywall because the drywall is a material used in construction of the property."); *Travco,* 715 F. Supp. 2d at 713 ("The clear weight of authority . . . supports the application of the faulty materials exclusion.").

Again, Nationwide believes these motions can be brought based on stipulated facts, complete answers to certain previously-served interrogatories, or requests to admit. To the extent that any other discovery is necessary, this discovery too overlaps with or is the same as any limited, targeted discovery necessary with respect to the pollution exclusion and could be coordinated with the approach described above with respect to the pollution exclusion.

DATED:  May 25, 2011                          Respectfully submitted,

                                             NATIONWIDE MUTUAL INSURANCE
                                             COMPANY, NATIONWIDE MUTUAL FIRE
                                             INSURANCE COMPANY and NATIONWIDE
                                             PROPERTY & CASUALTY INSURANCE
                                             COMPANY


                                             _____/s_____
                                             Lawrence A. Dunn
                                             Virginia State Bar No. 30324
                                             Grant E. Kronenberg
                                             Virginia State Bar No. 65647

---

[6]      *See* n. 3, *supra.*

*Attorneys for Plaintiffs*
Morris & Morris P.C.
11 South 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218-0030
Tel. (804) 344-8300
Fax. (804) 344-8359
LDunn@morrismorris.com
gkronenberg@morrismorris.com

Catherine M. Colinvaux *(Pro Hac Vice)*
Karl S. Vasiloff *(Pro Hac Vice)*
Seth V. Jackson *(Pro Hac Vice)*
*Attorneys for Plaintiffs*
ZELLE HOFMANN VOELBEL & MASON LLP
950 Winter Street
Suite 1300
Waltham, MA 02451
Tel: (781) 466-0700
Fax: (781) 466-0701
ccolinvaux@zelle.com
kvasiloff@zelle.com
sjackson@zelle.com

Scott J. Ryskoski *(Pro Hac Vice)*
*Attorneys for Plaintiffs*
RYSKOSKI LAW P.L.L.C.
556 Silicon Drive
Suite 100
Southlake, TX 76092
Tel: (817) 310-3527
Fax: (817) 310-0141
sjr@ryskoskilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2011, I will electronically file Plaintiffs'

Notice of Purely Legal Summary Judgment Issues with the Clerk of the Court using the CM/ECF

system, which will send notification of such filing (NEF) to the following:

John Janney Rasmussen, Esq.
*Attorneys for Defendants*
*The Overlook, LLC, Steven A. Middleton,*
*Vista Middleton, LLC*
INSURANCE RECOVERY LAW GROUP
PLC
3015 East Broad Street
P.O. Box 8049
Richmond, VA 23223
Tel: (804) 308-1359
Fax: (804) 308-1349
jjr@insurance-recovery.com

Richard James Serpe, Esq.
*Attorneys for Defendant  Ricky L. Edmonds*
LAW OFFICES OF RICHARD L. SERPE,
P.C.
580 E Main Street
Suite 310
Norfolk, VA 23510
Tel: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Michael F. Imprevento, Esq.
John W. Drescher, Esq.
Jeffrey A. Breit, Esq.
*Attorneys for Defendant Ricky L. Edmonds*
BREIT, DRESCHER, IMPREVENTO &
WALKER, P.C.
1000 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Tel: (757) 622-6000
Fax: (757) 670-3939
mimprevento@breitdrescher.com
jdrescher@breitdrescher.com
jbreit@bdbmail.com

_____/s/_____
Lawrence A. Dunn
Virginia State Bar No. 30324
Grant E. Kronenberg
Virginia State Bar No. 65647
*Attorneys for Plaintiffs*
MORRIS & MORRIS P.C.
11 South 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218-0030
Tel: (804) 344-8300
Fax: (804) 344-8359
LDunn@morrismorris.com
gkronenberg@morrismorris.com